## BOWERS v. DISHONG, U. S. Marshal.
### No. 9030.

Circuit Court of Appeals, Fifth Circuit.
April 28, 1939.

Jack Kehoe, of Miami, Fla., for appellant.

Herbert S. Phillips, U. S. Atty., of Tampa, Fla., Lloyd C. Hooks, Asst. U. S. Atty., of Miami, Fla., and W. A. Paisley and Damon G. Yerkes, Asst. U. S. Attys., both of Jacksonville, Fla., for appellee.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

HUTCHESON, Circuit Judge.

Held under a Parole Board warrant directing his arrest and return to the Penitentiary, appellant, released from the United States Penitentiary at Atlanta as a conditional releasee, with 144 days good time, sought by the writ of habeas corpus, to have the District Judge try, whether he had in fact violated the conditions of his release, and was therefore subject to arrest and return.

The Marshal, in his return to the writ, by motion to quash and by answer, prayed that the writ be dismissed and relator remanded to respondent's custody, pursuant to the terms of the warrant.[1]

The District Judge, of the opinion that "due and regular procedure according to law provides for a hearing before the Board of Parole" upon whether the release conditions have been violated, and that "to hear the matter of an alleged violation of a conditional release in a habeas corpus proceeding would be to oust the jurisdiction of the Board," ordered the writ discharged and the relator remanded to the custody of the Marshal, to be held under the warrant. This appeal is from that order.

Appellant, insisting that violation by him of the terms of his conditional release is a condition precedent to the issuance of a warrant of arrest for his return to the Penitentiary, urges upon us that he was entitled to a judicial hearing upon whether or not such violation had occurred. In support of his position he cites Clark v. Surenant, 9 Cir., 94 F.2d 969 and 12 R.C. L. 1244.

The appellee, insisting that appellant has misapprehended the nature of the warrant, and of the proceedings of which it is a part, urges upon us that the statute providing for conditional release provides also

---

1 "WARRANT

"For Retaking Prisoners Released under Authority Pub. 210
"72d Congress.

"The United States Board of Parole.

"To any Federal Officer authorized to Serve Criminal Process Within the United States.

"Whereas Valentine Broadway Bowers, Jr., No. 50303-A, was sentenced by the United States District Court for the Eastern District of Louisiana, to serve a sentence of Two years —— months, and —— days for the crime of Using the Mails to Defraud, and was on the Twenty ninth day of September, 1938 released conditionally from the U. S. Penitentiary, Atlanta, Georgia.

"And, Whereas, reliable information has been presented to the undersigned Member of this Board that said prisoner named in this warrant has violated the conditions of his release and is therefore deemed to be a fugitive from justice:

"Now, Therefore, this is to command you to execute this warrant by taking the said Valentine Broadway Bowers, Jr., wherever found in the United States, and him safely return to the institution hereinafter designated.

"Witness my hand and the seal of this Board this 25th day of October, 1938.

"(S) Charles Whelan,
"Member U. S. Board of Parole.

"When apprehended, refer to Circular No. 3059 for designation of institution, 91 days or more."

for the procedure by which the release may be cancelled and revoked, and that at least until that procedure has been fully followed out, there is no ground for the exercise of habeas corpus jurisdiction.

■ We agree with appellee. The quotations from Ruling Case Law, "the question whether there has been a violation or non-compliance with the condition or conditions of a conditional parole may be investigated and determined in habeas corpus proceedings brought by the convict himself, to test the validity of his arrest and detention for an alleged violation of the condition," and "One who has been released on parole may, on re-arrest for violation of conditions, show on habeas corpus that he has performed the condition, or that he has a legal excuse for not having done so," are without application to the case at bar. It is controlled by special statutory proceedings, which not only lay down the conditions under which the release may be obtained, and those upon which it may be kept in force, but provide a tribunal to determine whether or not the conditions have been violated. In cases of this kind the convict takes the conditional release upon the condition named in the statute, and is subject to "arrest and recommitment in the manner and by or through the official authority as stipulated in it [the pardon]." Alvarez v. State, 50 Fla. 24, 39 So. 481, at page 484, 111 Am.St.Rep. 102, 7 Ann.Cas. 88.

The statutes involved and controlling here, are Sections 710, 716, 716a, 716b, 717, 719, and Secs. 723a, 723b, and 723c. Title 18 U.S.C.A. These sections provide: for good conduct deductions; for the release of prisoners on parole, subject to such terms and conditions as the Board of Parole shall prescribe, and that they shall remain, while on parole, in the legal custody and under the control of the warden; that any prisoner paroled shall continue on parole until the expiration of the maximum term specified in the sentence, without deduction of allowance for good conduct; that the prisoner released because of deduction for good conduct, shall upon release, be treated as if released on parole, and subject to all the provisions of law relating to parole, until the expiration of the maximum term specified in his sentence; that the Board of Parole shall have the exclusive authority to issue warrants for the re-taking of any United States prisoner, who has violated his parole; that the unexpired term of imprisonment shall begin to run from the date he is returned to the institution, and the time he was on parole shall not diminish the time he was originally sentenced to serve; and that if the order of parole shall be revoked and the parole terminated, the prisoner shall serve the remainder of the sentence originally imposed.

■ It is the respondent's position that this series of statutes creates a parole system applicable to conditional releasees as well as other parolees, under which they take their releases and paroles subject to the contingency of being arrested and returned on warrant issued by the Parole Board or a member, and to the determination by the Board of whether the terms of parole or release have been violated.

We agree with respondent. We think that this is not only settled by the terms of the statute, but by the uniform course of authority. Many cases might be, the following cases are cited in support of this view: Platek v. Aderhold, 5 Cir., 73 F.2d 173; Zerbst v. Kidwell, 304 U.S. 359, 58 S.Ct. 872, 82 L.Ed. 1399, 116 A.L.R. 808; Story v. Rives, 68 App.D.C. 325, 97 F.2d 182; Morgan v. Aderhold, 5 Cir., 73 F.2d 171; Anderson v. Corall, 263 U.S. 193, 44 S.Ct. 43, 68 L.Ed. 247; United States ex rel. Rowe v. Nicholson, 4 Cir., 78 F.2d 468; Christianson v. Zerbst, 10 Cir., 89 F. 2d 40; Hogan v. Zerbst, 5 Cir., 101 F.2d 634; United States ex rel. Anderson v. Anderson, 8 Cir., 76 F.2d 375; MacAboy v. Klecka, D.C., 22 F.Supp. 960.

The Clark case, supra, on which appellant so strongly relies, will not, we think, avail him. The decision there was expressly placed on its own particular facts, which were quite different from those here. But if it may be read as supporting a view contrary to the one here taken, it still will not avail appellant, for such view, we think, finds support neither in the language of the statutes nor of the many decisions which have construed them.

The District Judge was right in discharging the writ and remanding appellant to custody. The order appealed from is affirmed.