**UNITED STATES ex rel. GUTTERSON v. THOMPSON, Warden of United States House of Detention.**

**No. 712.**

District Court, E. D. New York.

Oct. 23, 1942.

William Weisman, of New York City, for relator.

Harold M. Kennedy, U. S. Atty., of Brooklyn, N. Y. (Vine H. Smith, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for respondent.

ABRUZZO, District Judge.

This is an application for a writ of habeas corpus for the release of the relator.

The cause or pretense for the imprisonment of the relator is that said relator violated the conditions of his parole from the U. S. Penitentiary at Lewisburg, Pennsylvania.

The material facts herein can be summarized as follows:

The relator was sentenced on June 29, 1938, to serve a term of three years imprisonment, after his conviction of the crime of using the mails to defraud. He commenced service of that sentence on July 23, 1938, in the United States Penitentiary at Lewisburg, Pennsylvania. On November 10, 1940, he was admitted to parole for

the remainder of the term of his sentence. Regularly thereafter he reported to his Parole Board in Brooklyn through June of 1942. The full term of his sentence expired on July 20, 1941.

Two days prior to the expiration of this sentence, and on July 18, 1941, the United States Parole Board issued a warrant for the relator's retaking as a parole violator. This warrant remained unexecuted until June 15, 1942, when the relator was arrested and detained at the Federal House of Detention, 427 West Street, New York City.

The warrant in question was issued pursuant to Section 717 of the U.S.C.A., Title 18, which provides:

"§ 717. Same; violation of parole; warrant for retaking prisoner. If the warden of the prison or penitentiary from which said prisoner was paroled or said board of parole or any member thereof shall have reliable information that the prisoner has violated his parole, then said warden, at any time within the term or terms of the prisoner's sentence, may issue his warrant to any officer hereinafter authorized to execute the same, for the retaking of such prisoner. (June 25, 1910, c. 387, § 4, 36 Stat. 820)."

After his arrest and detention, this writ of habeas corpus was issued.

The relator contends that under Section 717 of the Code, a warrant must be issued and executed within the term of the sentence imposed; and that since July 20, 1941, was the expiration date of his sentence, the warrant herein could not be legally executed. It is conceded that warrant was not executed within the said period of time.

This point has not been ruled upon directly and authority for or against the issue raised must be gleaned from decisions interpreting the statute.

Section 717 pertains to the method of retaking a parolee, while Section 719 states the provisions to be carried out when parole is revoked and terminated. It reads: "If such order of parole shall be revoked and the parole so terminated, the said prisoner shall serve the remainder of the sentence originally imposed; and the time the prisoner was out on parole shall not be taken into account to diminish the time for which he was sentenced. As amended May 13, 1930, c. 255, § 1, 46 Stat. 272; June 29, 1940, c. 449, § 3, 54 Stat. 692."

It is not the province of this Court to inquire into whether or not the terms or conditions of the parole were violated by this relator under Section 719.

The parole of a prisoner by the Board of Parole is not a suspension of the sentence but merely substitutes for confinement in the penitentiary confinement within the bounds specified by his parole outside of the penitentiary, still subject to the legal custody of the warden. But the prisoner is not free of his sentence while he is out of the prison under the parole. He is still serving his sentence. Anderson, Warden, v. Williams, 9 Cir., 279 F. 822.

The issue to be determined herein, therefore, is whether or not the warrant could be legally executed after the term of imprisonment had expired.

The relator relies to a great extent on the authority enunciated in Henratty v. Zerbst, D.C., 9 F.Supp. 230, 231. The petitioner in that case was sentenced to serve five years which he began on December 28, 1924, and on April 24, 1930, he was paroled, under the condition that he was to remain within the bounds of the state of Missouri until September 14, 1931. On September 24, 1931, he was notified that having complied with the conditions under which he was released he was discharged from parole. On August 10, 1933, a warrant issued for his apprehension and on April 12, 1934 he was arrested, returned to the penitentiary, his parole revoked and he was ordered to serve the remainder of his original sentence with no allowance for good time. Without statutory allowance for good time, his term expired December 20, 1934; with statutory allowance, it expired September 14, 1931, the date he was discharged from his parole. The Court concluded that when the petitioner observed all the conditions of his parole until September 14, 1931, he had fully served his lawful sentence. His time had been served. The sentence was at an end. Neither the Parole Board nor the Court can breathe life into a sentence which has been finally terminated.

In Clark v. Surprenant, 9 Cir., 94 F.2d 969, 972, a few minutes before the expiration of a completed term of sentence a warrant was issued by the Board of Parole which was not served until long after the full term of sentence had expired. The appellee in that matter was paroled on April 15, 1936, and his full term would have expired on July 14, 1936. On July

13, 1936, a warrant was issued for his arrest and return. The warrant was not executed until August 29, 1936, about a month and a half after the end of the term of sentence. The appellee was released on a writ of habeas corpus, which was appealed by the Marshal. The Court stated in that case:

"With regard to habeas corpus proceedings in federal courts, it is expressly provided by statute that the court, or justice, or judge, before whom the proceedings may be brought 'shall proceed in a summary way to determine the facts of the case, by hearing testimony and arguments, and thereupon to dispose of the party as law and justice require.' Revised Statutes § 761, 28 U.S.C.A. § 461; 12 R.C.L. § 68, p. 1250."

Invoking that particular doctrine, the Court found therein that the conditions of the parole had not been violated, that his sentence had terminated and the District Court in granting the writ had disposed of the case as law and justice required.

In Bowers v. Dishong, 5 Cir., 103 F.2d 464, 466, the Court refused to follow the ruling just cited.

In the matter of Adams v. Hudspeth, 10 Cir., 121 F.2d 270, 272, a parolee appealed from an order denying a writ of habeas corpus. This appellant was sentenced on January 27, 1933, for a term of four years. On December 25, 1935, he was conditionally released, approximately one year before his term would have expired on January 26, 1937.

On February 24, 1936, a warrant was issued against him for parole violation and on July 6, 1936, before he was taken into custody, he was arrested, indicted and sentenced by another District Court for a term of six years, which he commenced to serve on July 16, 1936. That sentence terminated on July 18, 1940, on which date he was taken into custody under the said warrant of February 24, 1936. The appellant contended in part that his further detention was unlawful because the warrant was not served until after the expiration of the sentence on which he was paroled and violation for which he was charged. The Court in this instance observed:

"Conceding that the Board of Parole is without jurisdiction to issue a warrant for, and retake, a prisoner after the expiration of 'the term or terms of the prisoner's sentence', 18 U.S.C.A. §§ 714 to 719, the appellant cannot complain. The warrant was issued on February 24, 1936, and within 'the term or terms of the prisoner's sentence'. Before the warrant was executed and within 'the term or terms of the prisoner's sentence' he entered his plea of guilty, was sentenced and delivered to the custody of the Warden of the penitentiary for a new and different offense, committed in another jurisdiction.

"During the period for which appellant was sentenced for the new and different offense, he was not in legal custody of the Warden upon the parole violator's warrant. Jurisdiction of the Board of Parole over the appellant under the original sentence was effectively interrupted and suspended by his confinement under the latter offense. Service of the two sentences was not concurrent. He occupied the legal status of an escaped convict, or as if he had not been apprehended."

Bowers v. Dishong, U.S.Marshal, 5 Cir., 103 F.2d 464, 466, in referring to Clark v. Surprenant, 9 Cir., 94 F.2d 969, stated: "The Clark case, supra, on which appellant so strongly relies, will not, we think, avail him. The decision there was expressly placed on its own particular facts, which were quite different from those here. But if it may be read as supporting a view contrary to the one here taken, it still will not avail appellant, for such view, we think, finds support neither in the language of the statutes nor of the many decisions which have construed them."

Hogan v. Zerbst, 5 Cir., 101 F.2d 634, discloses the following facts. Appellant began serving a sentence for a term of four years in a Federal Jail on November 7, 1931. He was released on parole December 5, 1933. While on parole he was arrested in another state for participation in a robbery. On July 23, 1935, while the state charge was pending, a parole warrant was issued. The proceedings in the state court took some time but finally terminated in favor of appellant by the entering of a nolle prosequi of the indictment. In the interim, he had been reporting favorably to the Federal probation office. Part of the time he was *in jail* and part *out on bail*. After the termination of the state case, the parole warrant was executed on August 12, 1937, and appellant was held to serve out the remainder of his Federal sentence. It was held in this particular case that "while under the state charge appellant was either actually or constructively in custody of the state court which had authority to detain him".

The relator herein comes within the purview of the above mentioned case because before the warrant was issued he was arrested under a State of New York charge, and was out on bail until the dismissal of that charge, whereupon he was rearrested the very same day and paroled in the custody of his counsel; the matter having not yet been disposed of.

In Anderson v. Corall, 263 U.S. 193, 44 S.Ct. 43, 68 L.Ed. 247, the parolee was confined at Leavenworth penitentiary for a term of three years from November 25, 1914. He served until February 24, 1916, when he was paroled. On June 27, 1916, a warrant for the retaking of Corall was issued. Before being retaken, he was convicted of another crime and incarcerated at another prison until December, 1919. After his release, he was retaken under the warrant of December 17, 1919. Corall claimed that allowing time for good behavior the term of his sentence actually ended before the expiration of three years from the date it began, on or about March 17, 1917. The warden contended that the time elapsing between February 24, 1916, and December 17, 1919, when he was retaken, cannot be taken into account. The District Court decided he was illegally held and ordered his discharge. This ruling was affirmed in the Circuit Court. The Supreme Court held that Corall's violation of the parole, his conviction, sentence and confinement in Joliet, interrupted his serving the sentence in question and was in legal effect on the same plane as an escape from the custody and control of the warden. His claim that his term expired in 1917 before he was retaken and while he was serving sentence was not sustained. The Board was authorized at any time during his term of sentence in its discretion to revoke the order and terminate the parole and to require him to serve the remainder of the sentence originally imposed upon him without any allowance for the time he was out on parole.

Zerbst v. Kidwell, 304 U.S. 359, 360, 58 S.Ct. 872, 873, 82 L.Ed. 1399, 116 A.L.R. 808, involves a relator who committed a federal crime while on parole for which he was arrested, convicted, sentenced and imprisoned. Not only was his parole violated, the Court held, but service of his original sentence was interrupted and suspended. Thereafter, his imprisonment was attributable to his second sentence only, and his rights and status as to his first sen- tence were "analogous to those of an escaped convict." Anderson v. Corall, 263 U.S. 193, 44 S.Ct. 43, 68 L.Ed. 247. Not only had he—by his own conduct—forfeited the privileges granted him by parole but since he was no longer in either actual or constructive custody under his first sentence, service under the second sentence cannot be credited to the first. Since service of the original sentence was interrupted by parole violation the full term of that sentence had not been completed. Just as respondent's own misconduct (parole violation) has prevented completion of the original sentence, so has it continued the authority of the Board over respondent until that sentence is completed and expires.

The case at bar is analogous to the latter decision just cited. The warrant for the retaking was issued within the term of the sentence imposed but it was not executed until after the sentence had expired as far as the actual passing of time is involved.

There is no authority for sustaining the contention of the relator. There is ample for the ruling that a warrant must be issued within the term of the sentence imposed and then may be executed after the actual date of the expiration of the sentence.

This conclusion is explicitly borne out by the very forceful and unambiguous language in Zerbst v. Kidwell, 304 U.S. 359, 360, 58 S.Ct. 872, 874, 82 L.Ed. 1399, 116 A.L.R. 808, which said: "Just as respondent's own misconduct (parole violation) has prevented completion of the original sentence, so has it continued the authority of the board over respondent until that sentence is completed and expires."

This phraseology can have but one meaning and that is that the authority of the Board of Parole does not terminate until the sentence is completed and expires.

Section 717 of Title 18 U.S.C.A., gives authority to the Board of Parole to issue a warrant within the term of the relator's sentence but it is silent as to the time when the warrant must be served. Decisions imply that once the warrant is issued within the prescribed time, to wit, the term of the sentence; the requirements of the statute have been adhered to. The execution of the warrant is not the prevailing or decisive factor.

The Court cannot reach any other conclusion than that the writ must be dismissed.