456

Walter Billingsley, of Wewoka, Okl., and Dave Tant, of Oklahoma City, Okl., for petitioner.

Chas. E. Dierker, U. S. Atty., of Oklahoma City, Okl., for respondents.

VAUGHT, District Judge.

Stephen Welch has filed his application for a writ of habeas corpus, contending that he is being unlawfully restrained of his liberty by the respondents, and alleges the following facts:

On October 9, 1936, he was committed by the United States District Court for the Western District of Oklahoma to the Attorney General to serve a term of imprisonment of five years. On March 30, 1940, he was conditionally released after having served three years and eight months of his sentence. His term of imprisonment expired October 10, 1941. During the time of his parole he made monthly reports to the parole officer at Okahoma City, Oklahoma, the last of said reports having been made October 9, 1941. On December 31, 1940, while at the office of the parole officer in Oklahoma City, he was taken into custody and held for the state authorities at Vinita, Oklahoma, upon a charge of obtaining money by false pretenses. He was later tried and convicted on the charge at Vinita, on October 2, 1941, and at the time of the filing of this petition, had posted an appeal bond and was at liberty on bond.

On September 29, 1941, the United States Board of Parole caused to be issued a warrant for the retaking of the petitioner, under the allegation that reliable information had been presented to the Board of Parole that the petitioner had violated the conditions of his release and was therefore deemed to be a fugitive from justice. This warrant was not executed until June 26, 1943, when petitioner was retaken into custody of the United States Marshal and committed to jail. The petitioner then filed this application on June 28, 1943, which was duly set for hearing, and since the date of filing the petition, the petitioner, pending the hearing, has been released on bond.

The petitioner contends that a warrant issued by the United States Board of Parole must be issued and executed within the term of the sentence imposed. The warrant of September 29, 1941, was issued under Section 717, 18 U.S.C.A., which reads as follows: "If the warden of the prison or penitentiary from which said prisoner was paroled or said board of parole or any member thereof shall have reliable information that the prisoner has violated his parole, then said warden, at any time within the term or terms of the prisoner's sentence, may issue his warrant to any officer

hereinafter authorized to execute the same, for the retaking of such prisoner."

Under this section there is no specified time fixed or provision made for execution of the warrant issued thereunder. There is evidently a reason for this omission. The prisoner might be under the jurisdiction of another court, or might be a fugitive from justice, and the execution of the warrant might depend altogether upon the particular circumstances of the case. It should be executed within a reasonable time, and what would be a reasonable time would depend upon the circumstances of the particular case.

The petitioner states in his brief that he relies to a great extent on the case of Clark v. Surprenant, 9 Cir., 94 F.2d 969, 972. The petitioner in that case was paroled April 15, 1936, his full sentence not expiring until July 14, 1936. On July 13, 1936, the warrant was issued and was executed on August 29, 1936. The court specifically found that the prisoner had not violated his parole. It was contended by the respondent that under the warrant, the petitioner should have been taken to the penitentiary, there to remain until the parole board had taken definite action by actually revoking the parole, and that as long as the board's discretion had not been exercised, no court could lawfully intervene. In passing upon the case, the court said:

"In an ordinary case where the power conferred by statute was complete and unquestionable and where the proceedings were regular, we would feel disposed to agree with the contention of the appellant to the extent that where the action was to be, or may have been, taken within the term of the sentence that the court should refrain from intervention until a Parole Board had taken action; and to that extent appellant's position finds support in the authorities.

"Here we have an altogether different situation. The testimony is convincing that the appellee did not intentionally or at all violate his parole and the full term of his sentence had therefore expired as completely satisfied. In this case then where the Parole Board had never revoked the parole, where the full term of sentence had expired without action, the court not only had the right but the duty to determine whether appellee had violated the conditions of his release."

In the case at bar we have an altogether different set of circumstances. Here the record discloses the petitioner had violated the terms of his parole long before the expiration of his sentence, was in the custody of the State of Oklahoma on a felonious charge at the time the warrant was issued by a member of the Board of Parole, and was convicted on the charge at a subsequent date, October 2, 1941, eight days before his term of imprisonment expired.

The parole had many conditions which the petitioner was bound to observe, as shown by exhibit 1 attached to the stipulation of facts. There is nothing in the warrant itself, exhibit 2, that discloses, in detail, just what conditions the Parole Board considered the petitioner had violated. Exhibit 2 contains a report, dated September 27, 1941, of information upon which the parole officer recommends that the warrant issue and discloses the considered violation dates to be November 9, 1940, and August 23, 1941. One of these, it is true, is based upon the acts that resulted in the arrest, and upon which the petitioner was subsequently convicted at Vinita, Oklahoma. But there were other claimed violations contained in the report and sets out: "Present offense: Association with persons of bad reputation and allegedly obtaining money under false pretense." What the controlling factors were that caused the parole officer to issue the warrant is a matter entirely with the parole board, and no doubt will be settled upon the hearing provided for in that regard. There can be no question, under the state of this record, that on December 31, 1940, the petitioner had, in fact, violated the terms of his parole in one instance, as was shown by his subsequent conviction at Vinita. The Parole Board was of the undoubted conviction that the petitioner had violated other conditions of the parole by "association with persons of bad reputation and allegedly obtaining money under false pretense."

A prisoner might violate his parole on the last day of his sentence and be subject to the terms of the statute, when it would be impossible for the parole board, in a formal meeting, to revoke his parole prior to the time his sentence would have expired.

The status of a paroled prisoner is summarized in Henratty v. Zerbst, Warden, D.C., 9 F.Supp. 230, 233, cited by petitioner,

as follows: "Summarizing: As to prisoners sentenced prior to the effective date of the Act of June 29, 1932 (47 Stat. 381 [18 U.S.C.A. §§ 709a, 710a, 716a, 716b]) a paroled prisoner is entitled to credit for time on parole, and the statutory good time allowance, as long, and as long only, as he observes the conditions of his parole. When he breaches such conditions during the term of the parole, he is subject to recapture, and upon revocation of the parole, all time served on parole is forfeited."

In Anderson, Warden, v. Williams, 8 Cir., 279 F. 822, 826, cited by petitioner, the status of such a prisoner is discussed: "* * * A parole of a prisoner by the board of parole under the Act of June 25, 1910 [18 U.S.C.A. §§ 714–723], is not a suspension of a sentence. On the other hand, it is substitution during the continuance of the parole, of a lower grade of punishment, by confinement in the legal custody and under the control of the warden within the specified prison bounds outside the prison, for the confinement within the prison adjudged by the court. It is the authorized substitution during the existence of the parole through the clemency of the board of a lighter punishment for that originally prescribed by the judgment. But the prisoner is not free of his sentence while he is out of the prison under the parole. He is still serving his sentence."

In the case of Anderson, Warden, v. Corall, 263 U.S. 193, 44 S.Ct. 43, 68 L.Ed. 247, the questions that arise in the case at bar were, in principle, definitely settled, and so far as our research has disclosed, the holding in that case is the law governing this situation. Corall was convicted November 25, 1914, and sentenced to serve three years confinement in the penitentiary at Leavenworth, Kansas. He served in prison until February 24, 1916, and was then paroled. On June 28, 1916, the warden issued a warrant for retaking Corall as a parole violator. Before he was retaken, and in October, 1916, he was convicted of another crime in another state and sentenced to the penitentiary in that state, where he was confined until December, 1919. After his release from that prison, and on December 17, 1919, he was retaken under the warrant issued in Kansas on June 28, 1916, and confined in the Kansas penitentiary. In January, 1920, the parole board took appropriate action to revoke and terminate the Kansas parole. The validity of that action was questioned by Corall, who sought a release by petition for writ of habeas corpus, which release was granted by the District Court. On appeal, the Circuit Court affirmed the District Court, which decision was reversed by the Supreme Court. In the body of the opinion, 263 U.S. at page 196, 44 S.Ct. at page 44, 68 L.Ed. 247, the court uses the following pertinent language: "Corall's violation of the parole, evidenced by the warden's warrant and his conviction, sentence to and confinement in the Joliet penitentiary, interrupted his service under the sentence here in question, and was in legal effect on the same plane as an escape from the custody and control of the warden. His status and rights were analogous to those of an escaped convict. Drinkall v. Spiegel, Sheriff, 68 Conn. 441, 449, 450 * * *. The term of his sentence had not expired in October, 1916, when, at Chicago, he was convicted of another crime and sentenced to the Joliet penitentiary. Then —if not earlier—he ceased to be in the legal custody and under the control of the warden of the Leavenworth penitentiary, as required by section 3 of the act and the terms of the parole authorized thereby. His claim that his term expired in 1917 before he was retaken and while he was serving sentence at Joliet cannot be sustained, and we hold that it had not expired in January, 1920, at the time of the action of the board. Under section 6, the board was authorized at any time during his term of sentence in its discretion to revoke the order and terminate the parole, and to require him to serve the remainder of the sentence originally imposed without any allowance for the time he was out on parole."

The decision in Anderson v. Corall, supra, has been followed under similar situations in Stockton v. Massey, Sheriff, 4 Cir., 34 F.2d 96, and Platek v. Aderhold, Warden, 5 Cir., 73 F.2d 173, 175. In the latter case, the court said: "* * * If the prisoner stands parole without a breach of it, his sentence expires just as though he were serving it inside the penitentiary, deduction for good conduct being similarly allowed, section 716; but if he breaks parole and parole is revoked, only the time served in the penitentiary counts, that spent on parole is expressly excluded. After breaking parole, until the prisoner is returned to the penitentiary, the running of his sentence is as much suspended as though he had escaped. He can be arrested and returned to finish serving it though the time may have

passed at which but for parole it would have been completed." Citing Anderson v. Corall, supra, and Stockton v. Massey, supra.

■ We see no difference in principle in the case at bar and Anderson v. Corall, supra. And we see no serious conflict between it and the cases cited by the petition, when the facts are analyzed. The mere fact that the petitioner, after he had violated the terms of his parole and after the warrant had been issued for retaking him, reported to the parole officer, would not in the slightest affect the situation.

■ The petitioner, however, contends that not only must the warrant be issued by the parole board, but must be executed, within the term of the sentence imposed. Such is not the law.

In United States ex rel. Gutterson v. Thompson, Warden, 47 F.Supp. 150, 153, a similar situation was before the District Court for the Eastern District of New York. The relator was sentenced on June 29, 1938, to serve three years imprisonment, after his conviction of the crime of using the mails to defraud. He commenced service of that sentence on July 23, 1938, in the United States penitentiary at Lewisburg, Pennsylvania. On November 10, 1940, he was admitted to parole for the remainder of the term of his sentence. Regularly thereafter he reported to his parole board in Brooklyn through June, 1942. The full term of his sentence expired on July 20, 1941. Two days prior to the expiration of this sentence and on July 18, 1941, the United States Parole Board issued a warrant for the relator's retaking as a parole violator. The warrant remained unexecuted until June 15, 1942, when the relator was arrested and detained at the Federal House of Detention, New York City. After his arrest and detention, the writ of habeas corpus was issued. The relator contended that under section 717 of the Code, a warrant must be issued and executed within the term of the sentence imposed; and that since July 20, 1941, was the expiration date of his sentence, the warrant could not be legally executed after that date. The court held:

"Section 717 of Title 18 U.S.C.A., gives authority to the Board of Parole to issue a warrant within the term of the relator's sentence but it is silent as to the time when the warrant must be served. Decisions imply that once the warrant is is-

sued within the prescribed time, to wit, the term of the sentence; the requirements of the statute have been adhered to. The execution of the warrant is not the prevailing or decisive factor.

"The Court cannot reach any other conclusion than that the writ must be dismissed."

The relator appealed from that decision to the Circuit Court of Appeals, Second Circuit, which court affirmed the lower court, 135 F.2d 626, and cited: Hogan v. Zerbst, 5 Cir., 101 F.2d 634; Adams v. Hudspeth, 10 Cir., 121 F.2d 270; Zerbst v. Kidwell, 304 U.S. 359, 58 S.Ct. 872, 82 L.Ed. 1399, 116 A.L.R. 808. Certiorari was denied October 11, 1943, 64 S.Ct. 62.

The writ should be, and is hereby, denied. Exception is allowed the petitioner.