## HAMILTON v. HUNTER.
### No. 941.

District Court, D. Kansas, First Division.
March 29, 1946.

Howard F. McCue, of Topeka, Kan., for petitioner.

Eugene W. Davis, Asst. U. S. Atty., of Topeka, Kan., for respondent.

MELLOTT, District Judge.

A petition for a writ of habeas corpus, verified by an inmate of the Federal Penitentiary at Leavenworth, an application to proceed in forma pauperis and a request that counsel be appointed to represent the petitioner were lodged with the clerk of this court. The application to proceed in forma pauperis was sustained, the petition was ordered filed, a member of the Bar of this court was appointed to represent the petitioner and the United States District Attorney for the District of Kansas filed an answer and return to the petition on behalf of the respondent, Warden of the Penitentiary. The proceeding came regularly on for hearing before the Court at Leavenworth, Kansas, on March 4, 1946.

The detention of the petitioner by the Warden is alleged to be illegal and unlawful. The facts are not in dispute. Petitioner, on October 18, 1943, was sentenced by Judge George H. Moore of the Eastern Division of the Eastern District of Mis-

320

souri to imprisonment for a period of two years under each of two counts of an indictment under Section 408 of Title 18 U. S.C.A., the terms to begin, run and terminate concurrently. He was received at the Federal Penitentiary, in Leavenworth, on October 21, 1943. On April 12, 1945 he was given a conditional release under supervision of the United States Board of Parole until expiration of his term of sentence on October 17, 1945. On October 10, 1945, reliable information having been presented to a member of the United States Board of Parole that the conditions of petitioner's release had been violated, he was deemed to be a fugitive from justice and a warrant for his apprehension was issued. The warrant was turned over to the United States Marshal for the Eastern District of Illinois on the 18th day of October 1945, the prisoner was arrested at East St. Louis, Illinois, on the 7th day of November 1945 and on November 9, 1945 he was returned to the Federal Penitentiary at Leavenworth. On December 17, 1945 the United States Board of Parole, after a hearing, revoked the parole theretofore granted and ordered that the prisoner serve the remainder of the sentence originally imposed upon him, as provided by law.

■ The sole contention made in the petition is "that the period of time up to October 10th, 1945, the date of his alleged violation during which he was in good standing under the supervision of the Board of Parole and during which his reports were accepted should be deducted from the term and period of his sentence and conditional release." Manifestly it is unsound. Section 719, Title 18 U.S.C.A., as amended May 13, 1930, c. 255, § 1, 46 Stat. 272 and June 29, 1940, c. 449, § 3, 54 Stat. 692, provides: "* * * If such order of parole shall be revoked and the parole so terminated, the said prisoner shall serve the remainder of the sentence originally imposed; and the time the prisoner was out on parole shall not be taken into account to diminish the time for which he was 'sentenced."

Section 723c, Title 18 U.S.C.A., May 13, 1930, c. 255, § 3, 46 Stat. 272, as amended June 29, 1940, c. 449, § 1, 54 Stat. 692, states: "* * * The unexpired term of imprisonment of any such prisoner [i.e. one for whom the Board of Parole has issued a warrant for retaking for violating his parole] shall begin to run from the date he is returned to the custody of the Attorney General under said warrant, and the time the prisoner was on parole shall not diminish the time he was originally sentenced to serve."

The citation of authorities is unnecessary. See, however, Zerbst v. Kidwell, 304 U.S. 359, 58 S.Ct. 872, 82 L.Ed. 1399, 116 A.L.R. 808; Dolan v. Swope, 7 Cir., 138 F.2d 301. Cf. Story v. Rives, 68 App. D.C. 325, 97 F.2d 182; Groce v. Hudspeth, 10 Cir., 121 F.2d 800.

■ Counsel for petitioner concedes that the charge made in the petition, which has been briefly discussed, is without substance. At the hearing, however, he urged and now argues upon brief that the prisoner is unlawfully and illegally detained and restrained of his liberty by the warden because the warrant issued by the Board of Parole was not executed within the term of the prisoner's original sentence. Since this issue was tried by express or implied consent of the parties, Rule 15(b), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, it must be disposed of by the Court.

Restating the basic facts, the prisoner's original sentence would have expired on October 17, 1945. The warrant was issued one week prior to that date (October 10, 1945), delivered to the marshal on October 18, 1945 and arrest thereunder was made on November 7, 1945. Counsel's contention is that the warrant must be both issued and executed within the term of the original sentence unless the violator is in the custody of the authorities of another jurisdiction. For present purposes it will be assumed that the petitioner was not in the custody of the authorities of another jurisdiction[1] at the time the warrant was issued. It must be assumed, however, that a violation of the terms of his parole or conditional release had occurred prior to the expiration of his original sentence. The narrow question thus evolves: Is it necessary that a warrant issued by the Board of Parole be executed and served upon the violator within the term of his original sentence if he is not then in the custody of the authorities of another jurisdiction?

---

[1] The petitioner was not brought into court at the hearing and no evidence was adduced.

Several courts, under facts somewhat analogous, have dealt with a similar question. Many of the decisions are collated by Judge Abruzzo of the Eastern District of New York in United States v. Thompson, D.C., 47 F.Supp. 150, 153. This is the case upon which respondent places his chief reliance. Petitioner attempts to distinguish it upon the ground that under the facts before the court the prisoner, during the period of his original sentence, had been arrested by the State of New York and was in custody under authority of the State. 47 F.Supp. 153. The distinction, in the judgment of this court, is without controlling significance. The fact that a paroled prisoner has been taken into custody by the authorities of another jurisdiction is important only as furnishing corroboration (if needed) "that the prisoner has violated his parole" [2] or perhaps to aid in passing upon the question whether execution of the warrant had been delayed beyond a reasonable period. The validity of the warrant, however, does not depend upon whether the parolee has been taken into custody by the authorities of another jurisdiction but rather upon whether the conditions of the parole have been violated. As pointed out in United States v. Thompson supra, "* * *" once the warrant is issued within the prescribed time, to wit, the term of the sentence, the requirements of the statute have been adhered to. The execution of the warrant is not the prevailing or decisive factor."

In Welch v. Hillis U. S. Marshal et al., D.C., 53 F.Supp. 456, 459, Judge Vaught of the Western District of Oklahoma took essentially the same view as that expressed by Judge Abruzzo in the Thompson case. Passing upon the contention there raised that the warrant must be *issued* and *executed* within the term of the sentence imposed the court said: "Such is not the law." Both courts recognized, as does this court, that a warrant must be issued within the term of the sentence imposed. If so issued it may be executed after the actual date of the expiration of the sentence. This is not to say that an unreasonable delay in the execution of the warrant will be permitted. As pointed out by the court in Welch v. Hillis, supra, "It should be executed within a reasonable time, and what would be a reasonable time would depend upon the circumstances of the particular case." Under the present facts it cannot be said that execution of the warrant was unreasonably delayed.

The petition for a writ of habeas corpus is denied.

---

[2] The quotation is from Sec. 717, Title 18 U.S.C.A.