**UNITED STATES ex rel. HALL v. Mc-GOWAN, United States Marshal.**

**Civil Action No. 2844.**

United States District Court
D. Minnesota, Fourth Division.

Oct. 22, 1948.

Chester A. Bruvold, of Minneapolis,. Minn., for petitioner.

John W. Graff, U. S. Atty., and James J. Giblin, Asst. U. S. Atty., both of St. Paul,. Minn., for respondent.

NORDBYE, Chief Judge.

The admitted facts appear to be as follows: Petitioner is being held in the Hennepin County Jail under a parole warrant executed by John J. McGowan, United: States Marshal, on September 24, 1948.. On January 22, 1936, in the United States. District Court for the District of Oregon,. the petitioner was sentenced to serve six years and to pay a fine in the sum of $2,000 on his conviction of impersonating a Federal Officer. On or about May 16, 1940, he was released conditionally on parole under the provisions of Section 714 [now § 4202], Title 18 U.S.C.A. During the month of September, 1940, petitioner left the jurisdiction of the United States and entered into the Armed Forces of Canada, and was in Canada and Great Britain from September, 1940, until December, 1944. On November 12, 1940, within the term of petitioner's sentence, a parole warrant was issued for the arrest of petitioner by the United States Parole Board under the provisions of Section 717 [now § 4205], Title 18 U.S.C.A. Petitioner was returned to the United States as a deportee in December, 1944, and upon his entry was arrested on an indictment pending in the United States District Court of the Eastern District of Pennsylvania. On January 23, 1945, in the United States District Court in Philadelphia, Pennsylvania, petitioner was sentenced to serve six months imprisonment, which sentence was suspended and he was placed on probation for two years. Before the probationary period expired, he was arrested in Chicago, Illinois, and on or about October 8, 1946, was sentenced in that city to the House of Corrections for

two years on a state charge. He was confined in the House of Corrections until July 28, 1948, and upon his release he was taken back to the Eastern District of Pennsylvania as a violator of his probation in that District. After a hearing, the Court continued his probation. Upon his release by the United States authorities in Pennsylvania, he was removed to Minnesota for prosecution on a state charge, and upon entering a plea of guilty to the charge pending in the State Court, he was placed on probation for a period of three years. It was following his release on probation in Minneapolis from this state charge that the parole warrant issued November 12, 1940, was served on September 24, 1948. It appears, therefore, that since the parole warrant was issued on November 12, 1940, petitioner either has been out of the jurisdiction of the United States, in prison, or on probation. Since he was deported to the United States in December, 1944, he has been at liberty for some one year and nine months, during which time he was on probation, and during the remainder of the time he has been incarcerated in some institution or county jail. It is petitioner's position that the parole warrant was not timely served and has become void, and that therefore the Parole Board is without jurisdiction.

We have a situation, therefore, where the warrant was issued within the term of the sentence imposed by the Oregon court, but was not executed until long after the sentence had expired. The statute, Section 717, Title 18 U.S.C.A., requires that the warrant be issued within the term of the prisoner's sentence, but it is silent as to within what time the warrant must be served. That it may be executed after the term has expired seems free from doubt. United States v. Thompson, D.C., 47 F. Supp. 150; Hamilton v. Hunter, D.C., 65 F.Supp. 319; Welch v. Hillis, D.C., 53 F. Supp. 456. There is, however, an intimation in some of the cases that the warrant must be served within a reasonable time after its issue. Hamilton v. Hunter, supra; Welch v. Hillis, supra. But when a parolee is in actual custody by reason of another Federal or State charge, the Parole Board is not required to execute an outstanding warrant. Adams v. Huspeth, 10 Cir., 121 F.2d 270; Hogan v. Zerbst, 5 Cir., 101 F. 2d 634; Anderson v. Corall, 263 U.S. 193, 44 S.Ct. 43, 68 L.Ed. 247. And obviously, it cannot be contended that the warrant could be served while petitioner was in Canada and Great Britain during the period from 1940 to 1944. However, petitioner argues that the parole warrant should have been served while he was on probation, that is, during the one year and nine months' period that he was at liberty on probation between January, 1945, and September, 1948. Assuming that the parole authorities knew his whereabouts when he was on probation, petitioner in effect suggests that he has a right to determine when the warrant should be served notwithstanding that the service of the parole warrant while he was on probation might permit him to serve two sentences concurrently. That his position in this regard is wholly untenable seems clear. Groce v. Hudspeth, 10 Cir., 121 F.2d 800. Whether one is in actual custody or on probation on a suspended sentence, he is in the legal custody of the court which imposed the sentence. In other words, the court which exercised its jurisdiction holds it to the exclusion of others until its duty is fully performed and its jurisdiction exhausted. Taylor v. Taintor, 16 Wall. 366, 21 L.Ed. 287; Ponzi v. Fessenden, 258 U.S. 254, 42 S.Ct. 309, 66 L.Ed. 607, 22 A.L.R. 879; Grant v. Guernsey, 10 Cir., 63 F.2d 163.

In Hogan v. Zerbst, supra, appellant was sentenced to serve four years in a Federal jail on November 7, 1931. He was released on parole on December 5, 1933. While he was on parole he was arrested in another State charged with robbery. On July 23, 1935, while the state charge was pending, a parole warrant was issued. Apparently the State Court proceedings took some time, but they were finally terminated in appellant's favor by the indictment's being nolled. In the interim, he had been reporting to the Federal Probation Officer as required by the conditions of parole, and it appears that during the time that the state charge was pending, he was either in jail for part of the time or out on bail. On

August 12, 1937, after the termination of the State Court proceedings, the warrant was executed and appellant was required to serve the balance of his Federal sentence. In disposing of the appellant's contention that the Parole Board had lost jurisdiction because the warrant had not been served until after the term of his sentence had expired, the Court held that "While awaiting trial under the state charge appellant was either actually or constructively in custody of the state court which had authority to detain him." Page 634 of 101 F.2d.

It must follow, therefore, that it was not incumbent upon the Parole Board to serve the warrant during the pendency of the proceedings in Pennsylvania, Illinois, or Minnesota, during which time petitioner was either in custody or on probation. The Parole Board was not required to interfere with the custody of the other courts when such custody and control was occasioned by petitioner's infractions of the law. As the court observed in Dillingham v. United States, 5 Cir., 76 F.2d 35, 36:

"* * * One on probation is not at large, nor at liberty, except within the circumscribed limits permitted by his probation. He is in law and in fact in the custody and under the control of the court of his probation. He may not interfere with or set this at naught, nor may any one else. It has been held he is so much in its custody that without permission from the federal court of his probation, criminal proceedings may not be instituted in other courts against him." Citing Grant v. Guernsey, supra.

Moreover, the language of the court in Groce v. Hudspeth, supra, seems particularly apposite (page 802 of 121 F.2d):

"Appellant complains that the Board of Parole did not cause the parole violator's warrant to be served at the time he was in custody in the federal district court in Florida on a charge of fleeing the jurisdiction of the Circuit Court of Washington County, Tennessee. At that time he demanded that if a warrant had been issued by the Parole Board for the alleged violation of his release, the warrant be executed 'then, if ever.' It would be sufficient an-swer to say that the Board was not a party to those proceedings. It does not appear that it had any knowledge of them. However, it does not lie in the mouth of a parole violator to make demands on the Board. Obviously it would be to his advantage to have the parole violator's warrant served before he began his new sentence, for then the sentences would run concurrently and he would not be required to serve any additional time on account of the violations of the terms on which he was released from custody. However, as was said by the Supreme Court in Zerbst v. Kidwell, supra (304 U.S. 359, 58 S.Ct. [872], 874, 82 L.Ed. 1399, 116 A.L.R. 808): 'Unless a parole violator can be required to serve some time in prison in addition to that imposed for an offence committed while on parole, he not only escapes punishment for the unexpired portion of his original sentence, but the disciplinary power of the Board will be practically nullified.' It was within the discretionary powers of the Board to say whether the suspended sentence and the new sentence should run consecutively or concurrently."

(3) True, petitioner is now on probation and in the dual custody, so to speak, of the Pennsylvania and Minnesota courts. But he cannot object to the intervention of the parole authorities at this time. If so, then by repeated law violations he could continuously stay any action by the Board in the service of its warrant. Moreover, that objection, if it rests with anyone, rests with the courts themselves. Rawls v. United States, 10 Cir., 166 F.2d 532. In that case, the court made this observation (166 F.2d page 534):

"* * * The mere fact of the exclusive right of the one sovereign to exhaust its remedy against the defendant does not destroy the jurisdiction of the other sovereign if it takes custody of the defendant and exercises its jurisdiction over him. It only gives the offended sovereign the right, under the law of comity to object to the interference of its jurisdiction of the person of the accused until it has exhausted its remedy against him. The sovereign alone may raise the objections to the interference with its rights. The accused

can not because the rule of comity gives him no additional rights. If he has violated the laws of both sovereigns, he is subject to prosecution by both, and he may not complain of or choose the manner or order in which each sovereign proceeds against him so long as his constitutional rights in each trial are not violated."

Petitioner cannot complain when, by reason of his own misconduct, he has been in the control and custody of other courts since he was returned to the United States in 1944, and that, because of such circumstances, the Parole Board has deemed it appropriate to delay the service of the parole warrant. Nor can he complain that, by reason of his repeated law violations, he has now forced the Board to execute the warrant during a time when he is on probation. If neither the Federal Court in Pennsylvania nor the Minnesota State Court seeks to challenge the Parole Board's exercise of jurisdiction in the service of this warrant, he can have no legitimate complaint if the effect is to have his present probationary periods and his unexpired Oregon sentence run concurrently. The delay in the service of the warrant has been solely due to his own misdoings. His absence from the United States and his continuous custody, either actual or constructive, of other courts since his return has tolled any time limit that there may have been for the service of the warrant. And in passing it may be noted that it is not even suggested that petitioner has been in legal custody of the Parole Board at any time since he left the jurisdiction of the United States in September, 1940. He does not contend that he has reported to any Federal Probation Office under his Oregon parole. Consequently, since September, 1940, his status has been that of an escaped convict and a fugitive from justice. As the court stated in United States v. Farrell, 8 Cir., 87 F.2d 957, 960:

"* * * under the parole law, one who violates the conditions of his parole is held to have the status of an escaped convict and is a fugitive from justice. Anderson v. Corall, 263 U.S. 193, 44 S.Ct. 43, 68 L.Ed. 247."

It follows, therefore, that the order to show cause and the order directing the respondent, John J. McGowan, to retain custody of the petitioner in the Hennepin County Jail should be discharged, and that the application for a writ of habeas corpus should be dismissed. It is so ordered.

An exception is allowed.