**NAVE v. BELL, U. S. Marshal.**

No. 10908.

United States Court of Appeals
Sixth Circuit.

Feb. 9, 1950.

John Dugger and George Dugger, Elizabethton, Tenn., Dugger & Dugger, Sherman Grindstaff, Elizabethton, Tenn., on the brief, for appellant.

A. E. Gottshall, Washington, D. C., Otto T. Ault, Chattanooga, Tenn., Ferdinand Powell, Jr., Knoxville, Tenn., A. E. Gottshall, Washington, D. C., on the brief, for appellee.

Before SIMONS, ALLEN and McALLISTER, Circuit Judges.

ALLEN, Circuit Judge.

Appellant filed a petition for writ of habeas corpus. After hearing, the writ was discharged by the District Court and this appeal was instituted.

Appellant was indicted for forgery of a U. S. Treasury check and also for violation of the National Motor Vehicle Theft Act, 18 U.S.C. § 2313, 18 U.S.C.A. § 2313. He pleaded guilty to all counts in both indictments. The District Court sentenced appellant to 18 months upon each of the two counts of the forgery indictment, to be served concurrently, and to 18 months under the indictment for theft of motor vehicle, to be served concurrently with the sentences under the forgery indictment. He was committed to the Federal Reformatory at Petersburg, Virginia, and was released on parole September 12, 1947. On September 10, 1948, a warrant for appellant's arrest for violation of parole was signed by a member of the United States Board of Parole and forwarded by mail on the same day to the office of the United States Marshal at Knoxville, Tennessee where it was received September 13, 1948. The warrant was forwarded from Knoxville by mail to a deputy marshal at Greenville, Tennessee, where it was received September 20, 1948 and executed November 2, 1948 by appellant's arrest.

Appellant filed a petition for writ of habeas corpus upon the ground that he was unlawfully detained in that the warrant had been issued after the expiration of his maximum term of sentence, and upon the further ground that he had not violated his parole, as found by the board. The District Court heard evidence in the case and made findings of fact and conclusions of law. It held that it lacked jurisdiction to determine whether appellant had violated his parole, and also held that under the applicable statute the warrant for parole violation was issued when it was signed and mailed, within the maximum term of the sentence, to the officer authorized to execute it.

We agree with the District Court that it lacked jurisdiction to determine whether appellant had violated his parole. The determination as to whether a parole

has been violated is confided to the discretion of the United States Board of Parole. Anderson v. Corall, 263 U.S. 193, 197, 44 S.Ct. 43, 68 L.Ed. 247; Bowers v. Dishong, Marshal, 5 Cir., 103 F.2d 464; United States ex rel. Nicholson v. Dillard, 4 Cir., 102 F.2d 94. Cf. Zerbst, Warden, v. Kidwell, 304 U.S. 359, 362, 58 S.Ct. 872, 82 L.Ed. 1399, 116 A.L.R. 808.

A question of greater substance is presented as to what constitutes issuance of a warrant within the meaning of the applicable statutes. Section 717, 18 U.S.C., which was in effect until September 1, 1948, provided: "If the warden of the prison or penitentiary from which said prisoner was paroled or said board of parole or any member thereof shall have reliable information that the prisoner has violated his parole, then said warden, at any time within the term or terms of the prisoner's sentence, may issue his warrant to any officer hereinafter authorized to execute the same, for the retaking of such prisoner."

This section was superseded by § 4205, 18 U.S.C., 18 U.S.C.A. § 4205, effective September 1, 1948, which reads as follows: "A warrant for the retaking of any United States prisoner who has violated his parole, may be issued only by the Board of Parole or a member thereof and within the maximum term or terms for which he was sentenced."

Section 4206, 18 U.S.C., 18 U.S.C.A. § 4206, effective September 1, 1948, provides: "Any officer of any Federal penal or correctional institution, or any Federal officer authorized to serve criminal process within the United States, to whom a warrant for the retaking of a parole violator is delivered, shall execute such warrant by taking such prisoner and returning him to the custody of the Attorney General."

█ It is in brief appellant's contention that since his sentence expired September 12, 1948, the warrant was not issued in compliance with the statute because it was not delivered to an officer for execution until after September 12, 1948. The District Court held that the warrant was issued within contemplation of law when it was signed by the authorized member of the parole board on September 10, 1948, and forwarded to the proper officer for execution.

The warrant must be issued within the maximum term of the sentence. Section 4205, 18 U.S.C., 18 U.S.C.A. § 4205. The question squarely presented is whether the warrant is issued when it is signed and placed in the mail for delivery to the officer.

We think the judgment of the District Court is correct and that under the statute in its present form the issuance of the warrant was consummated on September 10, 1948, within the maximum term of the sentence. Under the former statute (§ 717), the warden was authorized to issue his warrant "to any officer." But in its present form, given above, the words "to any officer" have been omitted, so that § 4205 does not in terms make delivery a part of the process of issuing the warrant.

Certain civil cases from state courts are cited in support of appellant's contention that issuance of a warrant includes placing it in the hands of the proper officer for execution. Other decisions in civil cases indicate that delivery of a warrant, pleading, or writ, is separate from and subsequent to the issuance. Linn & Lane Timber Co. v. United States, 236 U.S. 574, 578, 35 S.Ct. 440, 59 L.Ed. 725; Yudin v. Carroll, D.C., 57 F.Supp. 793; Isaacks v. Jeffers, 10 Cir., 144 F.2d 26, certiorari denied, 323 U.S. 781, 65 S.Ct. 270, 89 L.Ed. 624; Bomar v. Keyes, 2 Cir., 162 F.2d 136, certiorari denied, 332 U.S. 825, 68 S.Ct. 166, 92 L.Ed. 400. Whatever may be the rule in some civil cases and in state decisions construing other statutes with reference to the meaning of "issuance," in criminal cases in the federal courts this point has been squarely settled contrary to appellant's contention. United States ex rel. Jacobs v. Barc, Marshal, 6 Cir., 141 F.2d 480, certiorari denied, 322 U.S. 751, 64 S.Ct. 1262, 88 L.Ed. 1581. There relator asked for a writ of habeas corpus on the ground that, because the warrant was not served within the period of the maximum term, the Board of Parole did not revoke his conditional release prior to the expiration of his maximum sentence. This court held that the writ was properly

denied. Cf. Klinkner v. Squier, Warden, 9 Cir., 144 F.2d 490; Welch v. Hillis, Marshal, D.C., 53 F.Supp. 456; United States ex rel. Gutterson v. Thompson, D.C., 47 F. Supp. 150, affirmed 2 Cir., 135 F.2d 626, certiorari denied, 320 U.S. 755, 64 S.Ct. 62, 88 L.Ed. 450; Anderson v. Corall, supra. These decisions are grounded upon the doctrine that violation of parole tolls the running of the sentence, and their holding is squarely counter to appellant's contention.

We think also that the rule stated in the federal cases is the better rule in case of parole violation. To permit a parolee to commit a serious breach of parole conditions a day or two prior to the expiration of his maximum sentence when it might in many instances be impossible, within the term of the maximum sentence, to deliver the warrant to the officer who executes it, would not serve the public interest.

Judgment affirmed.