THE PEOPLE OF THE STATE OF NEW YORK ex rel. CATHERINE GROSSO, Relator, against HENRIETTA ADDITON, as Superintendent of Westfield State Farm, Defendant.

Supreme Court, Special Term, Westchester County, June 7, 1945.

Dominic J. Capeci for petitioner.

Nathaniel L. Goldstein, Attorney-General (Howard F. Denihy of counsel), for defendant.

DAVIS, J. This writ seeks relator's release from Westfield State Farm. The following facts are not disputed: She was received at the above reformatory on July 29, 1942, where she could have been held not to exceed three years or until April 29, 1945. However, on December 6, 1943, she was paroled and ordered to proceed to her mother's house at Port Chester, New York. On January 8, 1944, she was declared delinquent. On September 8, 1944, a warrant was issued as of the January 8th violation. This warrant was not delivered to the Port Chester police until May 14, 1945. On May 20, 1945, she was returned to the institution. Thus it appears that the warrant was executed sixteen months after the alleged violation of her parole and twenty-one days after the expiration of the maximum sentence. During all of this period, it is alleged by relator and

not denied by the defendant, she was living at Port Chester and listed in the Westchester Telephone Directory.

The decisions cited by the defendant are not in point. The parolee was, in the cases referred to, either in hiding, evading service of a warrant or a fugitive from another State. There is no such contention in this matter. The theory of the Attorney-General is that immediately upon the Parole Board's declaration that the relator had violated her parole she owed to the State the balance of time left unserved and that the time elapsing before the execution of the warrant is of no moment.

The court holds that where a parole board declares one delinquent it is the duty of that board to use due diligence in issuing and executing its warrant of arrest. That, in this case, the board failed to do. It should therefore be deemed to have waived the violation and to have lost jurisdiction.

The writ is sustained and the relator discharged from custody. Order on notice to Attorney-General.