646

HYCHE v. REESE, United States Marshal.

No. 324.

District Court, S. D. Mississippi,
Hattiesburg Division.

July 20, 1945.

T. J. Wills, of Hattiesburg, Miss., for petitioner.

Robert Hauberg, Asst. U. S. Atty., of Jackson, Miss., for U. S. Marshal.

MIZE, District Judge.

Petitioner was convicted and sentenced to the penitentiary. After having served part of his time he was paroled. It is stipulated that the term of his sentence or parole was due to expire March 24, 1945. Several months prior thereto he was charged with having violated the Internal Revenue laws and the parole board was duly notified of this charge, together with a detailed statement from the alcohol tax unit officials. On December 19, 1944 the parole board signed a warrant for his arrest, but did not deliver it to any officer for execution until April 19, 1945. The parole officer in charge of petitioner advised the parole board of the charges prior to December and the parole board in Washington notified the parole officer in the Northern district of Mississippi to strike petitioner from his roll of active supervision, but petitioner was never at any time notified of this action and continued to make his monthly reports to the parole officer, and when notified by the parole officer to come by to see him and explain his side of these charges, the petitioner did so.

Petitioner was indicted for this alleged violation and in April, 1945 was convicted and received a sentence. The parole board then immediately delivered the warrant to the United States marshal for execution. The marshal arrested the petitioner and he brought this action of habeas corpus.

Section 716, Title 18 U.S.C.A., authorizes the parole board to parole persons under conditions authorized; Section 717 provides that when any member of the parole board has reliable information that the prisoner has violated his parole, then the warden "at anytime within the term or terms of the prisoner's sentence, may issue his warrant to any officer hereinafter authorized to execute the same, for the retaking of such prisoner"; Section 718 provides that the officer to whom the warrant is delivered is authorized and required to execute the warrant by taking the prisoner and delivering him to the prison within the time specified in the warrant; Section 719 provides that the board of parole, after he has been returned to the prison, shall give him a hearing, and if they find that he has violated his parole, then may revoke his parole.

■ I am of the opinion that when the warrant was held up by the parole board and not delivered to an officer for execution within the time of the term of his sentence, that the parole board lost its jurisdiction to re-take him. His parole cannot be revoked after the expiration of his term. Anderson v. Williams, 8 Cir., 279 F. 822, certiorari granted, 259 U.S. 579, 42 S.Ct. 590, 66 L.Ed. 1073, opinion, 263 U.S. 193, 44 S.Ct. 43, 68 L.Ed. 247. .

■ Escape interrupts the service, but in the present case there was no escape or evasion, as petitioner reported regularly to his parole officer. The fact that the warrant was signed during the term is not controlling. Clark v. Surprenant, 9 Cir., 94

F.2d 969. The words in Section 717, "may issue his warrant to any officer" mean that he shall draw his warrant for the prisoner's arrest, sign it and deliver it to an officer for execution. As a matter of law a writ is "issued" when it is delivered to an officer with the intent to have it served. It means to send forth, to put in circulation. Black's Law Dictionary, 3d Ed., p. 1012; Vol. 22, Words and Phrases, Perm. Ed., "Issue"; Webster's Unabridged Dictionary defining word "issue".

I, therefore, am of the opinion that the writ is well taken and that petitioner should be discharged. Order may be drawn accordingly.