### HALL v. McGOWAN.
### No. 13893.

United States Court of Appeals
Eighth Circuit.
June 8, 1949.

Chester A. Bruvold, Minneapolis, Minn., for appellant.

James J. Giblin, Assistant United States Attorney, St. Paul, Minn. (John W. Graff, United States Attorney, St. Paul, Minn., on the brief), for appellee.

Before SANBORN, WOODROUGH, and JOHNSEN, Circuit Judges.

SANBORN, Circuit Judge.

This is an appeal from an order of the District Court dismissing the petition of Harold J. Hall for release on habeas corpus. At the time he filed his petition, Hall was in the County Jail of Hennepin County, Minnesota, having been placed there by the United States Marshal for the District of Minnesota (appellee). The Marshal had arrested Hall on September 24, 1948, under a warrant issued November 12, 1940, by a member of the United States Board of Parole, for the retaking of Hall as a parole violator. See § 717, Title 18, U.S. C.A., now § 4205, new Title 18 U.S.C.A. Hall asserted that the warrant was too old and that the sentence upon which he had been paroled had expired.

The pertinent facts are not in dispute and are accurately and adequately stated in the opinion of the District Court, 80 F.Supp. 792. On January 22, 1936, Hall was sentenced by the United States District Court for the District of Oregon to a six-year term of imprisonment for impersonating a Federal Officer. He was conditionally released on parole May 16, 1940, under § 714, now § 4202, Title 18 U.S.C.A. He violated his parole in September, 1940, by going to Canada, where he joined the Canadian Army. The warrant for his arrest as a parole violator was issued in November, 1940, and within the term of his sentence. Hall was out of the country for four years. He was returned to the United States as a deportee in December, 1944. He was immediately arrested on an indictment pending in the United States District Court for the Eastern District of Pennsylvania. He received a suspended sentence of imprisonment and probation for two years from that court. In October, 1946, before the expiration of the probation period, he was arrested in Chicago, Illinois, on a state charge and was sentenced to serve a term of two years in the House of Correction. That sentence was not suspended. Upon his release from that state institution on July 28, 1948, he was returned to the United States District Court for the Eastern District of Pennsylvania as a violator of pro-trict of Pennsylvania as a violator of pro-revoked and was continued for one year. Following that, he was removed to Minneapolis, Minnesota, upon a state charge pending against him in the District Court of Hennepin County. He was sentenced by that court to a term of three years imprisonment, but the sentence was suspended and he was placed on probation for a period of three years. He was thereafter taken into custody by the United States Marshal under the parole violation warrant, and these proceedings followed.

In overruling Hall's contentions that the parole violation warrant had become devitalized by lapse of time and that his original sentence had expired, the District Court pointed out that Hall had been in the actual or constructive custody of some court ever since he was returned to the United States in December, 1944. While he could, no doubt, have been arrested on the parole violation warrant sooner than he was, that, in our opinion, is of no consequence. Compare, Jones v. Clemmer, 82 U.S.App.D.C. 288, 163 F.2d 852, 853. We can think of no rational basis for holding that his arrest and detention by the Marshal was illegal. Hall was a parole violator, for whose retaking a warrant had been seasonably and properly issued. His status and rights were, in substance, those of an escaped convict. Anderson v. Corall, 263 U.S. 193, 196, 44 S.Ct. 43, 68 L.Ed. 247, reversing, 8 Cir., 279 F. 822; Zerbst v. Kidwell, 304 U.S. 359, 361, 58 S.Ct. 872, 82 L.Ed. 1399, 116 A.L.R. 808. As the Supreme Court said in the latter case, 304 U.S. at page 362, 58 S.Ct. at page 874, 82 L.Ed. 1399, 116 A.L.R. 808.

"Since service of the original sentence was interrupted by parole violation, the full term of that sentence has not been completed. Just as respondent's own misconduct (parole violation) has prevented completion of the original sentence, so has it continued the authority of the board

904

over respondent until that sentence is completed and expires."

The Board of Parole was under no obligation to consult the convenience or wishes of Hall as to when, where or how the warrant for his retaking was to be executed. His present status is that of an escaped prisoner who has been recaptured. If warrants for the retaking of parole violators are to lose their efficacy by lapse of time, we think it is for Congress, and not the courts, to fix the period after which such warrants are to become worthless.

We conclude that the District Court committed no error in dismissing Hall's petition for release.

The order appealed from is affirmed.