**UNITED STATES of America,**

**v.**

**Santiago DE FILLO, Defendant.**

United States District Court
S. D. New York.
Oct. 15, 1958.

Arthur H. Christy, U. S. Atty. for the Southern District of New York, New York City, for the United States by William S. Lynch, Asst. U. S. Atty., New York City, of counsel.

Bernard M. Moldow, New York City, of counsel, for defendant.

IRVING R. KAUFMAN, District Judge.

Petitioner, Santiago DeFillo, moves under 28 U.S.C. § 2255 to have his sentence set aside on the ground that it resulted from the admission into evidence of statements which he alleges were elicited from him during an unreasonably long detention prior to arraignment and of other evidence obtained through illegal search and seizure. The motion is denied.

Petitioner and co-defendant Edelmira Gonzales were tried on charges of unlawfully, wilfully and knowingly conspiring to violate the United States Narcotics Laws. Title 21 U.S.C.A. §§ 173, 174 and Title 18, § 371, U.S.C. Following a verdict of guilty by the jury, petitioner was sentenced on June 14, 1957 to nine years imprisonment. Appeals were taken by both defendants and the judgments of conviction were subsequently affirmed on July 29, 1958.

It is petitioner's contention that, following the arrest, he was detained by federal officers for a period of 19 hours before his arraignment. During that period, according to petitioner, his apartment was searched and certain papers seized and he was subjected to 9 hours of interrogation. It is petitioner's contention that statements made and evidence obtained during this period were improperly admitted at the trial [1] and he, therefore, demands that his sentence be vacated. On the issue of unreasonable detention, which petitioner most strongly urges, he relies mainly upon McNabb v. United States, 1943, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819; Upshaw v. United States, 1948, 335 U.S. 410, 69 S.Ct. 170, 93 L.Ed. 100; Mallory v. United States, 1957, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479.

■ At the outset it should be noted that from a period shortly after petitioner's arrest through the determination of his appeal, he was represented by able counsel of his own choosing, who also represented defendant Gonzales. Indeed, he makes no claim of inadequate representation and in the light of the skill and zeal exhibited by petitioner's attorney in protecting his rights at the trial, such a claim would be frivolous in the extreme. The circumstances surrounding the arrest and subsequent detention of both defendants were, of course, known to him and were recounted at the trial.[2] Further, the cases upon which petitioner principally relies were all decided long before the argument of his appeal. All except Mallory v. United States, supra, were handed down years before the trial. Thus, this is clearly not a case where petitioner failed to assert whatever rights he had through excusable ignorance of fact or law or through inadequate representation. None of the allegations now made by petitioner was raised by him either at the trial or on appeal. He cannot raise them now.

■ The remedy afforded by 28 U.S.C. § 2255 is analogous to that afforded by a writ of habeas corpus. United States v. Rosenberg, 2 Cir., 1952, 200 F.2d 666, 668, certiorari denied, 1953, 345 U.S. 965, 73 S.Ct. 949, 97 L.Ed. 1384. It cannot be used in lieu of appeal to correct errors committed at trial such as the incorrect admission of evidence, if such errors were committed, even where constitutional or statutory rights have allegedly

1. Petitioner makes similar allegations in regard to evidence obtained from his co-defendant.

2. Petitioner has also alleged that the translations of certain letters which were admitted into evidence were incorrect. It is sufficient to point out that the translations were made available to petitioner's counsel at the trial, who frequently consulted with his clients who were seated at the counsel table, and were then admitted upon his stipulation.

been violated. The cases so holding are legion. See, e. g., Taylor v. United States, 8 Cir., 229 F.2d 826, 833–834, certiorari denied, 1956, 351 U.S. 986, 76 S.Ct. 1055, 100 L.Ed. 1500; Davis v. United States, 7 Cir., 1954, 214 F.2d 594, certiorari denied, 1957, 353 U.S. 960, 77 S.Ct. 870, 1 L.Ed.2d 911; United States v. Walker, 2 Cir., 197 F.2d.287, 288, certiorari denied, 1952, 344 U.S. 877, 73 S.Ct. 172, 97 L.Ed. 679. The necessity of such a rule is self-evident. All semblance of finality would disappear from our system of criminal trials if defendants were permitted to apportion their arguments so that point "A" will be used at the trial, point "B" held back for use on appeal and finally point "C", an allegation of the violation of rights, jealously guarded from the eyes of the trial and appellate courts for a final try under § 2255.

In Smith v. United States, 1950, 88 U.S.App.D.C. 80, 187 F.2d 192, certiorari denied, 1951, 341 U.S. 927, 71 S.Ct. 792, 95 L.Ed. 1358, the petitioner moved to vacate his sentence alleging that incriminating statements were obtained from him during illegal detention. After an examination of the relevant law, the court concluded that petitioner, who had not raised the point at trial, could not attack the judgment under § 2255. "Where the alleged error of the trial court is in the admission of evidence subject to correction on appeal, and there is representation by counsel, habeas corpus is not the appropriate remedy." 187 F.2d at page 197. The Mallory case has not changed this rule. See United States v. Hodges, D.C.D.C.1957, 156 F.Supp. 313, 314. If § 2255 cannot be used as a substitute for appeal, a fortiori, it cannot be used as a "second appeal" as petitioner is here attempting to do.

█ Petitioner's claim of illegal search and seizure presents an even clearer case of waiver. A defendant may secure the suppression of illegally obtained evidence, but generally only if the proper motion is made under Rule 41(c) of the Federal Rules of Criminal Procedure, 18 U.S.C. prior to trial. Petitioner failed to make such timely motion and thus even if an illegal search had been made the point could not be raised at this time.[3]

I, therefore, conclude that no material issues of fact have been raised which require a hearing and the files and records of the case conclusively show that the prisoner is entitled to no relief.

The motion is, therefore, denied.

---

3. It is clear that petitioner was aware of the allegedly illegal searches and seizures before the trial. .As the court said in United States v. Rosenberg, 2 Cir., 195 F.2d 583, certiorari denied, 1952, 344 U.S. 838, 73 S.Ct. 20, 97 L.Ed. 687: "He pre-ferred to take his chances on the verdict, withholding his trump card until the trial was over. The Federal Rules of Criminal Procedure allow no such tactic." 195 F.2d at page 603.