**UNITED STATES of America,**

**v.**

**Santiago DE FILLO, Defendant.**

United States District Court
S. D. New York.

June 30, 1959.

S. Hazard Gillespie, Jr., U. S. Atty., for the Southern District of New York, New York City, for the United States. William S. Lynch, Asst. U. S. Atty., New York City, of counsel.

Bernard Moldow, New York City, of counsel for defendant.

IRVING R. KAUFMAN, District Judge.

For the second time within a year petitioner moves under 28 U.S.C. § 2255 for the setting aside of his sentence. This motion like the previous one attempts to raise objections which should have been raised at the trial, if at all. The motion is denied.

Petitioner and a co-defendant were convicted by a jury of violations of the federal narcotics laws. Petitioner was sentenced as a second offender on June 14, 1957. The convictions were affirmed by the Court of Appeals, 2 Cir., 1958, 257 F.2d 835, certiorari denied, 1959, 359 U.S. 915, 79 S.Ct. 591, 3 L.Ed.2d 577. In a memorandum decision, dated October 15, 1958, D.C.S.D.N.Y.1958, 166 F. Supp. 627, I denied petitioner's first motion under section 2255. At that time DeFillo alleged, *inter alia*, that he had been convicted on the basis of illegally obtained evidence. He also objected to the introduction into evidence of certain correspondence between himself and his co-defendant.

The present motion makes several allegations all bearing upon these same letters. Petitioner contends (1) That government counsel falsely represented that he was "a 'literate' of the Spanish language"; (2) That petitioner was inadequately represented because his attorney was not acquainted with the Spanish language and (3) That petitioner was convicted on the basis of incor-

rect translations of these letters. It is clear from the petition that grounds (1) and (2) are relevant only as they bear upon ground (3). In other words, petitioner would have me find that the prosecutor mistranslated the letters, consciously or because of his concealed ignorance of Spanish, and further that petitioner's counsel allowed the translations to be admitted into evidence because of his own ignorance of that language.

The correspondence, written in Spanish, was introduced by the government to show consciousness of guilt on the part of the defendants. It was admitted upon the stipulation of defendants' counsel and without objection. (T.R. 483, 110 et seq.) I suggested that the government prepare translations of the pertinent portions which, with the consent of defendants, could then be substituted for the original letters. (T.R. 251). The record shows that defendant was provided with full translations of the documents and that the correspondence itself was in the hands of the defense for four days before the letters were received in evidence. (T.R. 482). However, the translations themselves were never introduced into evidence. They were never before the jury.

Defendant offers absolutely nothing to substantiate what can only be his suspicion that these translations were inaccurate. Even if they were, this would be irrelevant. The errors could hardly have formed the basis of the conviction since the translations were never seen by the triers of the facts.

Thus any claim of improper translation must be limited to those portions of the correspondence which were read in their translated form by government counsel in the course of cross-examination. Indeed, petitioner concentrates his attack on these excerpts, especially portions of a letter dated March 9, 1957 (T.R. 520). But here petitioner's argument fails for exactly the same reason that caused the denial of his previous motion.

In my memorandum denying that motion I pointed out that 28 U.S.C. 2255 cannot be used to raise points that could and should have been raised on the trial. Section 2255 is not a substitute for an appeal and is certainly not to be used as a "second appeal". The law is clear on this and there is little to be gained by my repeating the discussion and citations in my previous memorandum. See also recent decisions of the Court of Appeals in Kyle v. United States, 2 Cir., 266 F.2d 670; United States v. Branch, 2 Cir., 1958, 261 F.2d 530, certiorari denied 1959, 359 U.S. 993, 79 S.Ct. 1125, 3 L.Ed.2d 981.

Petitioner was in court when the translations in question were read. In fact most of them were read while he was on the stand. He was well acquainted with the English and Spanish languages. He himself had written almost all of the documents in question in Spanish and was examined and cross-examined in English without the aid of an interpreter. Yet, neither petitioner nor his able counsel offered any objections regarding the accuracy of these translations.[1] Far from disputing the contents of the letters the defendants acquiesced in the translations and sought merely to explain away the significance of the letters.

Having failed to raise objections to the translations at the trial, petitioner cannot raise them now. Objections which can be made when the matters involved are subject to easy and expeditious resolution, cannot be held back like secret weapons to be used as a basis for a motion under Section 2255.

In the light of the foregoing, the linguistic attainments of government and defense counsel are beside the point. Furthermore, plaintiff's contention that

---

1. The record also indicates that petitioner's attorney was also familiar with Spanish and even questioned the competency of one Spanish interpreter. (T.R. 99)

government counsel represented that he could translate Spanish, is simply not true.[2]

The petition raises no material issues of fact that would require a hearing. The records and files of this case conclusively show that the petitioner is entitled to no relief.

Motion denied.

So ordered.

---

**2.** Petitioner bases this argument on a conversation at the bench recorded at page 251 of the transcript. Under any reasonable reading of the record it is clear that government counsel stated no more than that he would have the letters translated.