UNITED STATES of America,
Appellee,

v.

Joseph GERNIE, Defendant-Appellant.
No. 201, Docket 26577.

United States Court of Appeals
Second Circuit.

Argued Jan. 12, 1961.

Decided Feb. 16, 1961.

Bella V. Dodd, New York City (Dodd, Cardiello & Blair, New York City, on the brief), for defendant-appellant.

Gerald E. Paley, Asst. U. S. Atty., Southern Dist. of New York, New York City (S. Hazard Gillespie, Jr., U. S. Atty. for the Southern Dist. of New York, David R. Hyde, Asst. U. S. Atty., on the brief), for appellee.

Before CLARK, MAGRUDER and MOORE, Circuit Judges.

LEONARD P. MOORE, Circuit Judge.

Appellant appeals from the denial of his motion made pursuant to 28 U.S.C.A. § 2255 to set aside the judgment of conviction upon the ground that there was such a denial of constitutional rights as to constitute a denial of a fair trial. Appellant claims that a hearing should have been granted because there were material and substantial issues of fact. The trial court concluded that a hearing was not required because an inspection of the court records disclosed that appellant's basic rights received full protection. This conclusion is amply supported by the record.

Appellant was entitled to a hearing "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief" (28 U.S.C.A. § 2255). However, a Section 2255 proceeding cannot be used to seek reversal because of alleged trial errors, particularly where, as here, these alleged errors were, or could have been, raised on the appeal from the conviction.

The facts upon which the conviction was based are fully set forth in this court's opinion on the appeal (United States v. Gernie, 2 Cir., 1958, 252 F.2d 664, certiorari denied 1958, 356 U.S. 968, 78 S.Ct. 1006, 2 L.Ed.2d 1073). That opinion also specifically considered and decided adversely to appellant the claim of deprivation of due process because of the refusal of the witness Harrell to answer certain cross-examination questions upon the ground of his Fifth Amendment privilege (252 F.2d 664, at pages 669–670).

Appellant also asserts that reversible prejudice resulted from the joint trial with Ogull. The same arguments can be advanced in every multiple defendant case. Usually defendants jointly indicted are tried together, although the trial court has broad discretion in the matter. This point could have been raised on the original appeal. Nor is there any evidence that the trial court was not mindful of the legal principle that the confession and the admissions of Ogull were limited to the case against him.

The claim of lack of effective representation by his trial counsel is completely unfounded. In appellant's moving papers, it is conceded that "he had counsel of his own choice and said counsel was a man of experience and ability." The facts which appellant advances to support his contention of lack of opportunity to prepare for trial are patently false and contradicted by the records before the trial court. And upon the trial itself trial counsel was entitled to exercise his judgment as to witnesses to be called.

 The charge that an available witness (Buzzeo) for appellant was coerced by a government agent is without foundation. Neither side called Buzzeo as a witness so that there can never be any tangible evidence as to the nature of Buzzeo's potential testimony. His vague statement that the agent said that "if I [Buzzeo] rendered any assistance to anyone in the case he [the agent] would personally see to it that the maximum sentence was imposed on charges pending against me," even if true, does not mean that he would have given perjurious testimony against appellant if called. Furthermore, it is significant that Buzzeo does not aver that he could have testified to facts which might have absolved or benefited appellant. To justify a hearing some promise at least of helpful testimony hitherto unknown should be held out.

The trial court properly concluded that the motion and the files and records conclusively showed that appellant was entitled to no relief and, hence, a hearing was not required.

The order denying the motion is affirmed.