Elgin CAMPBELL, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 14863.

United States Court of Appeals Seventh Circuit.

Jan. 6, 1966.

Rehearing Denied Feb. 11, 1966.

---

Harold E. McKee, Jr., Chicago, Ill., for appellant.

Edward V. Hanrahan, U. S. Atty., John Peter Lulinski, John Powers Crowley, Thomas W. James, Lawrence E. Morrissey, Asst. U. S. Attys., Chicago, Ill., for appellee.

Before HASTINGS, Chief Judge, and DUFFY and SWYGERT, Circuit Judges.

SWYGERT, Circuit Judge.

Elgin Campbell appeals from the denial of a petition to vacate his prison sentence. The petition, filed under section 2255 of the Judicial Code, 28 U.S.C. § 2255, was denied by the district court. We hold that the district judge's ruling was correct. The petition asserted no proper grounds for a collateral attack upon the sentence.

The petitioner was convicted of transporting and selling narcotics by a jury in 1962, and received a seven-year sentence. He did not appeal. In May, 1964, he filed the instant petition under section 2255. In it he alleges that the Government prosecutor improperly commented upon his failure to testify, that statements made by an alleged coconspirator referring to a prior narcotics sale in which petitioner participated were allowed to remain before the jury after counts charging conspiracy and the prior sale were dismissed, and that a confession to Government agents following petitioner's allegedly illegal arrest was inadmissible.

During the course of his summation to the jury, the Government prosecutor commented that "from the standpoint of Elgin Campbell, well, he hasn't said anything * * *," and added, "I don't condemn a mother for taking the stand to try to help her son; I do condemn the son who puts his mother on the stand to try to get him off when he is caught in a crime." The petitioner contends that these statements were, respectively, direct and inferential comments upon his failure to testify, violative of his constitutional and statutory rights.

We do not reach the merits of the petitioner's claim because we are convinced that it is not available as a ground for a collateral attack upon his sentence. We have examined the trial record. At no time did the petitioner's counsel object to the comments or move for a mistrial. Ordinarily, such failure constitutes a waiver of the right to assert error on appeal. United States v. Wright, 309 F.2d 735, 738 (7th Cir. 1962), cert. denied, 372 U.S. 929, 83 S.Ct. 873, 9 L.Ed.2d 733 (1963); Langford v. United States, 178 F.2d 48, 55 (9th Cir. 1949), cert. denied, 339 U.S. 938, 70 S.Ct. 669, 94 L.Ed. 1355 (1950). If such a failure to object or move for a mistrial precludes a reversal upon direct appeal, a fortiori such failure must similarly preclude relief under section 2255. Kapsalis v. United States, 345 F.2d 392, 394 (7th Cir. 1965).

It may be argued, however, that the comments were so prejudicial that they might have been treated on appeal as plain error under Rule 52(b) of the Federal Rules of Criminal Procedure and therefore should be noticed in the same fashion in a section 2255 proceeding. The answer to this argument is that a section 2255 proceeding may not, in the absence of unusual circumstances, serve as a substitute for an appeal. United States v. Jonikas, 197 F.2d 675 (7th Cir. 1952); United States v. Gernie, 287 F.2d 637 (2d Cir. 1961).

The petitioner's next contention relates to the testimony of a Government agent about conversations with one of petitioner's codefendants. These conversations contained hearsay evidence against the petitioner and concerned a prior narcotics violation and the alleged conspiracy. The agent's testimony was admitted over the petitioner's objection. Later in the trial the petitioner moved to strike the testimony. The motion was denied on the ground that the testimony was relevant to the conspiracy count. However, the testimony was allowed to remain before the jury even after the conspiracy count was dismissed.

■ The petitioner argues that this was error which deprived him of a fair trial. Again the answer is that this claim might have been presented on appeal.

Finally, the petitioner contends that his arrest was made after an unannounced, forcible entry into his home and therefore was illegal. He contends that the illegal arrest tainted his subsequent confession, which should not have been admitted into evidence for that reason. The Government's response is that petitioner waived his right to attack the arrest and confession by not attempting to challenge them at the trial or on appeal, citing Smith v. United States, 88 U.S. App.D.C. 80, 187 F.2d 192, 197 (1950), cert. denied, 341 U.S. 927, 71 S.Ct. 792, 95 L.Ed. 1358 (1951), and United States v. De Fillo, 166 F.Supp. 627, 628 (S.D. N.Y. 1958).

The petitioner admits that he did not question the legality of his arrest or object to the admissibility of his confession at the trial. He argues, however, that the district court should have conducted a hearing to determine whether he had in fact intelligently waived his right to challenge his arrest and confession, that the Supreme Court decisions in Henry v. State of Mississippi, 379 U.S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408 (1965), and Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), require such a hearing. The petitioner contends that in the light of these cases the question of whether a criminal defendant has "waived" a constitutional right cannot be answered by the mere absence of objection by trial counsel, but only through a factual inquiry as to why a constitutional issue was not formally raised and whether the defendant knowingly and understandingly participated in the decision not to raise it.

■■ We note, however, that the district court did conduct a hearing on the question of the petitioner's waiver of his right to appeal his conviction. When the petitioner's appeal from the denial of his section 2255 motion was originally docketed in this court, his court-appointed counsel requested that an order be issued directing the district court to hold a hearing to determine whether the petitioner had waived the right to a direct appeal of his conviction. The request was granted, and the section 2255 appeal was temporarily stayed. After conducting the hearing as ordered, the district court found that the petitioner had not requested that his trial counsel file a notice of appeal, and that any failure to file such notice in time was attributable to the petitioner. Thus the court found that a waiver had occurred. Both the legality of the petitioner's arrest and the admissibility of his confession might have been challenged on a direct appeal under the plain error rule, even though they were not challenged at the trial. Accordingly, we think that the petitioner's waiver of a direct appeal forecloses any right to a hearing to determine why his arrest and confession were not challenged at the trial, and also forecloses any right to present these issues in this section 2255 proceeding. Further, we think that the district court's hearing and its finding of waiver fully comply with the procedure suggested by Henry v. State of Mississippi and Fay v. Noia.

The order denying the motion to vacate sentence is affirmed.

Court-appointed counsel, Mr. Harold E. McKee of the Chicago Bar, deserves our thanks and appreciation for the excellent service he has rendered.