Leonard Rubenfeld, J.
In this habeas corpus proceeding, relator alleges that the Board of Parole waived his alleged violation of parole by failure to execute the parole violation warrant with due diligence and, further, that the board has failed to provide him with a timely parole revocation hearing.
Relator was paroled on August 13, 1970. He resided at an approved residence in Port Chester, New York, until January of 1971 when he went to live in Newark, New Jersey. Relator, his aunt and his girl friend, all testified that the relator’s parole officer said he could make the move "as long as he stayed out of trouble”. The court finds such testimony to be incredible in view of the fact that such informality in permitting an out-of-State transfer is inconsistent with established parole procedure and in view of the fact that the parole officer, almost immediately, caused a parole violation warrant to issue on February 10, 1971, and notified the Westchester County Sheriffs office that relator was wanted for violation of parole.
Relator testified also that after moving to New Jersey, he telephoned his parole officer and that his parole officer knew of his address in Newark, New Jersey. The court does not credit this testimony either, notwithstanding that such testimony was unrebutted at the hearing in this proceeding.
However, relator further testified, without rebuttal, that he resided at the same address in Newark, New Jersey, from January of 1971 to January, 1975, when he was arrested by the Newark police on a charge of assault. He testified that his name and telephone number were listed in the Newark telephone directory and that he was employed throughout most of this period. There was also testimony that he visited his aunt in Port Chester (at his approved residence) from time to time during this period. Moreover, there is nothing in the records of the Division of Parole to indicate that any steps were taken to execute the parole violation warrant other than to notify the Westchester County Sheriffs office as previously indicated. As far as the records indicate, not even the approved residence was rechecked by the Division of Parole once the parole revocation warrant was issued. The parole records further indicate that the realtor was previously arrested in New *271 Jersey in 1973 but no explanation was offered as to why relator was not returned as a parole violator at that time.
Under all of the circumstances, the court concludes that the Board of Parole failed to exercise due diligence in executing the parole warrant and that the original parole violation charges were waived (cf. People ex rel. Grosso v Addition, 185 Misc 670; Simon v Moseley, 452 F2d 306; Greene v Michigan Department of Corrections, 315 F2d 546). It appears, therefore, that the only other alleged violation of parole resulted from relator’s arrest in New Jersey in January of this year. Since relator’s New York sentence had already expired in view of this court’s finding of a waiver with respect to the original charges, the Board of Parole lacks jurisdiction to take any action with respect to the New Jersey charge.
Accordingly, the respondents are directed to release the relator from their custody on the New York sentence forthwith.